UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: 700 TRUST

---

GREGORY B. MYERS

    Appellant,

v.                                         Case No.:  2:25-cv-540-SPC

NBC CLUB OWNER, LLC;
NAPLES PROPERTY HOLDING
COMPANY, LLC; and TIDES
NOTE ON NOTE LENDER I, LLC,

    Appellees.

---

## **OPINION AND ORDER**

Before the Court is Appellant Gregory B. Myers' Notice of Appeal. (Doc. 1). Because Appellant's appeal appeared untimely, the Court instructed him to show-cause why the Court should not dismiss the appeal for lack of subject-matter jurisdiction. (Doc. 2). He responded. (Doc. 3). Given his response, the Court discharges its show-cause order and addresses the merits of the review.

On May 12, 2025, the bankruptcy court entered two orders: (1) granting sanctions, and (2) granting interested parties' motion to dismiss. *See* Case No. 2:25-bk-00051-FMD at Docs. 140, 141. On May 29, 2025—seventeen days later—Appellant filed his notice of appeal with the bankruptcy court seeking

to appeal the two orders. *See id.* at Doc. 146. The bankruptcy court followed the Amended General Order Establishing Protocols for Processing Bankruptcy Appeals, Case No. 3:21-mc-00001-TJC (Doc. 156), and dismissed his appeal as untimely on June 3, 2025. *Id.* at Doc. 149. On June 17, 2025, Appellant moved for District Judge review of the order dismissing his appeal as untimely. *Id.* at Doc 160.

The Court asked Appellant to show-cause why the Court has jurisdiction to take up his appeal of the bankruptcy court's order granting sanctions and granting a motion to dismiss given he failed to timely file a notice of appeal. (Doc. 2). In his response, Appellant clarified that the issue before the Court is his request for judicial review of the bankruptcy court's order denying his appeal as untimely. (Doc. 3 at 7). The Court agrees this is the scope of review. (*See* Doc. 1-1). And the District's Amended General Order Establishing Protocols for Processing Bankruptcy Appeals permits "a party in interest aggrieved by the bankruptcy judge's order dismissing an appeal for untimeliness" to "file a motion for review by a district judge" within fourteen days of entry of the order dismissing the appeal. Case No. 3:21-mc-00001-TJC (Doc. 156 at 1). Because Appellant's request for judicial review was filed on June 17, 2025—precisely fourteen days after the order dismissing his appeal—it was timely. The Court thus finds it has jurisdiction and takes up the merits of the requested review.

The sole issue before the Court is whether the bankruptcy judge correctly found that Appellant's notice of appeal was untimely. "The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision." *In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000). The Federal Rules of Bankruptcy Procedure provide that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). Appellant filed his notice of appeal on May 29, 2025—seventeen days after the bankruptcy court entered the two orders Appellant wishes to appeal. He never moved for more time to file his notice. The bankruptcy court thus properly dismissed his appeal as untimely.

Appellant offers no persuasive argument to the contrary. He argues his notice of appeal was timely because Federal Rule of Appellate Procedure 26(c) allotted him three extra days to file his notice of appeal. The rule reads:

> When a party may or must act within a specified time *after being served*, and the paper is not served electronically on the party or delivered to the party on the date stated in the proof of service, 3 days are added after the period would otherwise expire under Rule 26(a).

Fed. R. App. P. 26(c) (emphasis added).[1] The problem with Appellant's argument is clear. This rule only applies when a party is required to take some act after *service*. But the fourteen-day clock to file a notice of appeal begins

---

[1] It is unclear why Appellant applies Fed. R. App. P. 26(c) rather than Fed. R. Bankr. P. 9006(f), which are both largely identical. But the result is the same either way.

3

after the order "is entered," not after it is served. Fed. R. Bankr. P. 8002(a)(1). So Appellant was not entitled to an additional three days. *See In re Williams*, 216 F.3d at 1297 n.3 (explaining the three additional days permitted under Bankruptcy Rule 9006(f) does not extend the time to file a notice of appeal); *see also Cordell v. Pac. Indem. Co.*, 335 F. App'x 956, 959 (11th Cir. 2009) (explaining the deadline to file notice of appeal was not extended three additional days because "the appeal time starts from the entry of the judgment and not from service of the notice"). So Fed. R. App. P. 26(c) is inapplicable.

Appellant's other argument is that the bankruptcy judge did not have the authority to dismiss his appeal as untimely. (Doc. 3 at 8–11). But even assuming this argument had merit, it is moot given the Court has now conducted its own review and finds Appellant failed to timely file his notice of appeal.

Accordingly, it is **ORDERED:**

(1) The order of the bankruptcy court denying Appellant's appeal as untimely is **AFFIRMED**.

(2) The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida, on August 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4